MICHAEL R. LOZEAU (CA Bar No. 142893)
1516 Oak Street, Suite 216
Alameda, CA 94501
Tel: (510) 749-9102
Fax: (510) 749-9103
E-mail: mrlozeau@lozeaulaw.com

SHARON E. DUGGAN (CA Bar No. 105108)
370 Grand Avenue, Suite 5
Oakland, CA 94610
Tel: (510) 271-0825
Fax: (510) 271-0829
E-mail: foxsduggan@aol.com

Deborah A. Sivas (CA Bar No. 135446)
Holly D. Gordon (CA Bar No. 226888)
STANFORD LAW SCHOOL
ENVIRONMENTAL LAW CLINIC
559 Nathan Abbott Way
Stanford, California 94305-8620
Tel: (650) 723-0325
Fax: (650) 725-8509
dsivas@stanford.edu

Attorneys for Plaintiff
Environmental Protection Information Center

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER,<br><br>   Plaintiff,<br>  v.<br><br>PACIFIC LUMBER COMPANY; SCOTIA PACIFIC COMPANY, LLC, and; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>   Defendants. | Case No.: C01-2821 MHP<br><br>SUPPLEMENTAL DECLARATION OF RICHARD GIENGER<br><br>Date: August 21, 2006<br>Time: 2:00 p.m.<br>Courtroom: 15 |

I, Richard Gienger, do declare and if called as a witness would testify as follows:

1.  I am over the age of 18 and a resident of Mendocino County.

2.  I am a member of the Environmental Protection Information Center. I have made myself available as a designated standing witness for EPIC in the case the group is bringing against Pacific Lumber Company and Scotia Pacific Company, LLC (collectively "Pacific Lumber") under the federal Clean Water Act.

3.  I have previously testified at a deposition conducted for this case on March 2, 2006. This declaration supplements my previous deposition testimony.

4.  My concern and connection to Bear Creek has been independent of EPIC, except for my involvement in discovery for the Bear Creek Case No. C 01-2821. Other than that involvement, EPIC did not request me to use funds for Bear Creek. None of my numerous visits (outside of the discovery visits) to, or involvement with Bear Creek, were or are at the behest of EPIC.

5.  My residency in Mendocino County does not in any way prevent or preclude my personal connection to Bear Creek. My declarations and deposition testimony emphasizes my close connection to the Eel River Watershed through enjoyment of visiting locations important to me within its tributary system, including Bear Creek; employment in watershed restoration in many parts of the watershed and; public advocacy for the Eel River and its fisheries since 1979. The destruction of extensive habitat and stabilization improvement projects in Bear Creek in the New Year's storms of 1996-97 was the motivation for my increased and continuing concern for Bear Creek, not pay from EPIC. My normal visits are not paid for, nor are at the behest, of EPIC. Additionally, because of lesser distances and ease of travel from the Northwest corner of Mendocino County, I frequently travel along the Eel River, using Highway 101 and the Avenue of the Giants, on my way to Eureka and Fortuna for business, recreation and shopping. Comparable towns and opportunities in Mendocino County are more difficult and time consuming to reach from the isolated Northwest corner of Mendocino County. This situation has led to a more elevated understanding and concern regarding the lower Eel River and its tributaries such as Bear, Jordan, and Stitz Creeks.

6.  My interests are often independent of EPIC's interests, which is a significant reason that I

have an independent contract with EPIC and have never been an EPIC employee. Certain venues such as the Board of Forestry were and are mutually understood as an area for my specific participation. My involvement in Bear Creek came from my own independent inclination and my pursuit of my personal aesthetic, recreational and conservation interests.

7. EPIC did not request me to use funds for Bear Creek. EPIC has never paid me to visit Bear Creek at regular intervals. Any funds for gas or other expenses incurred in order to visit Bear Creek were my own personal funds that I used at my own discretion. Most of the funds I used were from grants administered by the Trees Foundation. I was not compensated by EPIC for any trips I have made to Bear Creek, including the few site inspections I joined in with the attorneys for EPIC. My visits are not part of any effort by myself, or EPIC, to manufacture standing for the Clean Water Act litigation. Indeed, my personal visits to Bear Creek began at least five years prior to the start of EPIC's Clean water Act lawsuit. I intend to visit Bear Creek in the future. Indeed, I am planning on stopping by the Creek in Humboldt Redwoods State Park this fall when the rainy season begins.

8. The small amount of money EPIC has provided me to support my work before the Board of Forestry was not the cause nor did it influence my long-standing interest in Bear Creek. My aesthetic, recreational and conservational interest in Bear Creek would have occurred and continue, as it does today, whether or not EPIC chose to support some of my efforts to pursue my conservational interests in other arenas. This is proven by my three decades of environmental activism, the vast majority of which involved uncompensated time and unreimbursed expenses (including 15 years of purely voluntary efforts as an active member of EPIC). I continue to put in extensive volunteer time for EPIC to this day.

9. My previous testimony describes my hard work participating in agency proceedings and advocating on behalf of Bear Creek. Pacific Lumber's failure to apply for and obtain a National Pollutant Discharge Elimination System permit for point source discharges from its Bear Creek operations has prevented me from obtaining detailed information about Pacific Lumber's pollutant discharges in that creek, including sediment erosion from its unpaved roads to Bear Creek, that is essential to me to devise effective conservation strategies for Bear Creek, participate effectively in agency proceedings, educate my fellow activists and agency personnel, and take actions that could lead

1 | to reductions of pollutant discharges by Pacific Lumber in Bear Creek.

2 |     10.    I also have had a chance to review again responses prepared by EPIC to Pacific Lumber's Interrogatory No. 5 and which are attached as Exhibit 1 to the transcript of my March 2, 2006 deposition. EPIC provided a response describing my various harms resulting from Pacific Lumber's pollutant discharges in Bear Creek at pages 10 through 12 of their response document and which I have attached as Exhibit A to this supplemental declaration and incorporate by reference. I agree with each response regarding my injuries provided by EPIC.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of July 2006 in Garberville, California.

*[signature]*
Richard Gienger

Supplemental Declaration of Richard Gienger

Case No. C-01-2821 MHP

4